

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 6, 2020

**BY EMAIL**
Honorable Katherine P. Failla
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *United States v. Nunzio Gentille*, **19 Cr. 590 (KPF)**

Dear Judge Failla:

    The Government respectfully submits this letter to clarify a legal argument cited in its Letter Response to defendant Nunzio Gentille's (the "defendant" or "Gentille") Letter Motion for a Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(1)(A), dated March 31, 2020. Specifically, the Government suggested that Section 3582 is a jurisdictional requirement.[1] (Gov. Opp. at 4-5 (collecting cases).) The Second Circuit has disagreed with that characterization. *See United States v. Johnson*, 732 F.3d 109, 116 n.11 (2d Cir. 2013). As outlined below, Section 3582's statutory exhaustion requirements are nevertheless mandatory unless waived by the Government, which it has not done with respect to the defendant's motion.

    **I.**    <u>**Section 3582(c)(1)(A)'s Exhaustion Requirement**</u>

    Under 18 U.S.C. § 3582(c), a district court "may not" modify a term of imprisonment once imposed, except under limited circumstances. One such circumstance is the so-called compassionate release provision, which provides that a district court "may reduce the term of imprisonment" where it finds "extraordinary and compelling circumstances." *Id.* § 3582(c)(1)(A)(i). A motion under this provision may be made by either the Bureau of Prisons or a defendant, but in the latter case only "after the defendant has **fully exhausted all administrative rights** to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the

---

[1] In its original submission, the Government cited to Judge Cote's analysis in *United States v. Monzon*, 2020 WL 550220, at *2 (S.D.N.Y. Feb. 4, 2020), and argued that Section 3582 may in fact be a "jurisdictional" requirement. (Gov. Opp. at 4-5.) The Government no longer asserts that Section 3582's exhaustion requirement is jurisdictional. However, as discussed in the Government's original submission and herein, Section 3582's exhaustion requirement *is* statutory, and the conditions therefore must be strictly adhered to, unless waived by the Government. *See Theodoropoulos v. I.N.S.,* 358 F.3d 162, 172 (2d Cir. 2004) ("[A]s a general rule, courts are required to strictly enforce statutory exhaustion requirements.").

defendant's facility, whichever is earlier." *Id.* (emphasis added). Thus, where a compassionate release motion is brought by a defendant who has not "fully exhausted all administrative rights," the district court "may not" modify his term of imprisonment. Section 3582(c)(1)(A)'s exhaustion requirement is therefore mandatory.

Given that a district court is generally without authority to modify a final judgment, the narrow exceptions to that rule in Section 3582(c) might be said to be provisions that confer jurisdiction on the district court to act. *See Bowles v. Russell*, 551 U.S. 205, 212-13 (2007). Thus, numerous courts of appeals have stated that the failure to meet the criteria set forth in Section 3582(c) is a "jurisdictional" defect that deprives the court of power to act. *See, e.g.*, *United States v. Garcia*, 606 F.3d 209, 212 n.5 (5th Cir. 2010); *United States v. Williams*, 607 F.3d 1123, 1125-26 (6th Cir. 2010); *United States v. Auman*, 8 F.3d 1268, 1271 (8th Cir. 1993); *United States v. Austin*, 676 F.3d 924, 930 (9th Cir. 2012); *United States v. Graham*, 704 F.3d 1275, 1279 (10th Cir. 2013); *United States v. Mills*, 613 F.3d 1070, 1078 (11th Cir. 2010). Although the Second Circuit has not specifically addressed whether the exhaustion requirement in Section 3582(c)(1)(A) is jurisdictional, it has disagreed with the general characterization that the exceptions under Section 3582(c) are jurisdictional. *See United States v. Johnson*, 732 F.3d 109, 116 n.11 (2d Cir. 2013).

Notwithstanding *Johnson*, Section 3582(c)(1)(A)'s exhaustion requirement is nevertheless mandatory. As outlined in the Government's Opposition, (Gov. Opp. at 5-6), it is critical to note that Section 3582(c)'s exhaustion requirement is statutory, and thus is not the sort of judicially-crafted exhaustion requirement that "remain[s] amenable to judge-made exceptions." *Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016). By significant contrast, *statutory* exhaustion requirements "stand[] on a different footing." *Id.* There, "Congress sets the rules—and courts have a role in creating exceptions only if Congress wants them to." *Id.* Thus, where a statute contains mandatory exhaustion language, the only permissible exceptions are those contained in the statute.[2] *Id.*

Section 3582(c)(1)(A) contains mandatory exhaustion language with no statutory exceptions. The plain language of the statute makes clear that a court "may not" modify a sentence unless, as relevant here, the defendant has first "fully exhausted all administrative rights." Unlike the Prison Litigation Reform Act, for example, there is no statutory qualifier that a defendant need only exhaust all "available" remedies.[3] Thus, Section 3582(c)(1)(A) is a mandatory exhaustion

---

[2] The additional cases the defendant cited in his reply note this very distinction. *See Woodford v. Ngo*, 548 U.S. 81 (2003) (holding that the exhaustion of administrative remedies under the Prison Litigation Reform Act must be strictly enforced by courts); *Grullon v. Mukasey*, 509 F.3d 107 (2d Cir.) (holding that statutory exhaustion requirements pursuant to 8 U.S.C. § 1252 must be strictly enforced by courts); *Zucker v. Menifee*, 2004 WL 102779 (S.D.N.Y. Jan. 21, 2004) (involving the invocation of *judge-made* exhaustion remedies for a Section 2241 petition and noting "the exhaustion requirement for § 2241 petitions is prudential, not statutory, unlike habeas corpus petitions filed pursuant to 28 U.S.C. § 2254"); *Merth v. Puentes*, 2019 WL 3003684 (E.D. Cal. July 10, 2019) (same).

[3] In particular, the PLRA demands that an inmate exhaust "such administrative remedies *as are available*," meaning that the only permissible exception to exhaustion is where the remedies are

provision with no applicable exceptions. *Cf. Fry v. Napoleon Community Schools*, 137 S. Ct. 743, 750 (2017) (statute requiring that certain types of claims "shall be exhausted" is a mandatory exhaustion provision for those types of claims). For this reason, as Judge Cote has explained, this court lacks the authority to grant [the defendant's] motion at this time. *United States v. Monzon*, 2020 WL 550220, at *2 (S.D.N.Y. Feb. 4, 2020); *see also United States v. Hernandez*, 2020 WL 1445851, at *1 (S.D.N.Y. Mar. 25, 2020) (finding that the compassionate release provisions of the First Step Act did not apply because "Mr. Hernandez does not appear to have sought any [ ] relief within the Bureau of Prisons, let alone exhausted his administrative remedies"); *United States v. Raia*, No. 20-1033, Dkt. 20 (3d Cir. April 3, 2020) (declining to decide compassionate-release motion based on COVID-19 circumstances in the first instance because petitioner failed to exhaust Section 3582(c)(1)(A)'s statutorily mandated 30-day requirement). It would be legal error for the Court to disregard that requirement.

## II. The Government May Waive the Exhaustion Requirement

Despite the mandatory nature of Section 3582(c)(1)(A)'s exhaustion requirement, the Government may waive that requirement, if it so chooses, by failing to raise the argument. Although it is not a jurisdictional bar, the exhaustion requirement is a so-called "claims processing" or "case-processing" rule—a rule that seeks "to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times." *Henderson v. Shinseki*, 562 U.S. 428, 435 (2011); *see also Fort Bend County v. Davis*, 139 S. Ct. 1843, 1849 (2019) (listing examples of claims-processing rules); *Eberhart v. United States*, 546 U.S. 12, 19 (2005) (deadline for Rule 33 motion is a non-jurisdictional, claims-processing rule); *United States v. Taylor*, 778 F.3d 667, 670-71 (7th Cir. 2015) (holding that Section 3582(c) is "a *non-jurisdictional* case processing rule" because it is outside the jurisdictional provisions of the criminal code and not "phrased in jurisdictional terms") (internal citations omitted) (emphasis added); *United States v. Monzon*, No. 99CR157 (DLC), 2020 WL 550220, at *2 (S.D.N.Y. Feb. 4, 2020) (finding that Section 3582(c)(1)(A)'s exhaustion requirement is at least a claims-processing rule). As a "claims processing" rule, the Government may waive enforcement by failing to raise the argument. Here, the Government *is* raising the argument that the defendant failed to exhaust administrative remedies and is thus not waiving the exhaustion failure. *See Eberhart*, 546 U.S. at 15; *see id.* at 19 ("These claim-processing rules thus assure relief to a party properly raising them, but do not compel the same result if the party forfeits them.").

## III. Based on the Unique Facts of This Case, the Government Does Not Believe Waiver is Appropriate

As the Government explained in its original submission, the circumstances of defendant's crime, which involved failing to abide by less-restrictive release conditions within two weeks of

---

"unavailable." *Ross,* 136 S. Ct. at 1856-58 (emphasis added); *see also id.* at 1855 (criticizing the "freewheeling approach" adopted by some courts of appeals to exhaustion requirements, and overruling precedent from the Second Circuit and other circuits that had read additional exceptions into the rule). Here, no such exception exists in the statute.

being released from incarceration, weigh against compassionate release. *See* 18 U.S.C. § 3553(a). Releasing the defendant early on the basis of his motion denies the BOP the opportunity to fully evaluate the factors articulated in the Attorney General's March 26, 2020 memorandum, *Prioritization of Home Confinement As Appropriate in Response to COVID-19 Pandemic*, and ensure an orderly release of inmates most suited to the outlined criteria.[4]  (Gov. Opp. at 5 n.3.)  In accordance with the Attorney General guidance, the defendant would not be released to home confinement without a 14-day quarantine period to ensure the safety of the community.  The defendant's one-sentence proposal that the defendant can reside at his half-brother's studio apartment in Long Island upon release to "isolate," (Mot. at 10), offers little comfort that he will abide by a self-imposed quarantine period in light of his past actions when afforded less restrictive release conditions.  Prematurely releasing the defendant under these circumstances raises public safety and health concerns because Probation is unable to evaluate the defendant's proposed residence and commence supervised release monitoring immediately.

For all of the reasons cited above, and in the Government's original submission, the Government opposes the Motion.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

by: _____
Danielle M. Kudla
Assistant United States Attorney
(212) 637-2304

CC:  Clay Kaminsky
     *Counsel for Nunzio Gentille*

---

[4] The Government inquired with the BOP regarding the defendant's motion.  The BOP did not make any representations regarding the defendant's motion, but stated that any inmate released to home confinement will require a 14-day quarantine period.